IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  07-cv-00184-LTB-PAC

ADOLFSON & PETERSON, INC.,

    Plaintiff(s),

v.

SAINT CATHERINE SENIOR LIVING CENTER, LLC., a Colorado Limited Liability Company;
ALPHONSO JACKSON, in his capacity as Secretary of the United States Department of Housing and Urban Development;
UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT;
CAPMARK FINANCE, INC., a California corporation, formerly known as GMAC Commercial Mortgage Corporation,

    Defendant(s).

---

ORDER

---

O. Edward Schlatter, United States Magistrate Judge

    Plaintiff sues for unpaid monies and undisbursed loan proceeds allegedly owed after plaintiff completed construction of an assisted living facility.  The matter before the court is Defendant's Motion for Protective Order [Doc. #40; filed May 16, 2007] which has been referred to me for disposition.

    This case was originally filed in Arapahoe County District Court in December 2006. Plaintiff obtained a default judgment against defendant Saint Catherine Senior Living Center, LLC ("St. Catherine's) on January 22, 2007.  Defendant United States Department of Housing and Urban Development ("HUD") removed the action to federal district court on January 25, 2007.  On April 26, 2007, plaintiff served interrogatories on St. Catherine's in Arapahoe County District Court pursuant to Rule 69 of the Colorado Rules of Civil

Procedure. (*See* Interrogatories, attached to Motion for Protective Order, as Ex. A)  The interrogatories compel St. Catherine's answers and appearance before the Clerk of the Arapahoe County District Court within twenty days of service, for filing with the court. (*Id.*)

HUD's removal of this action to federal court immediately divested the state court of jurisdiction. 28 U.S.C. §1446(d); *Bruley v. Lincoln Property Co., N.C., Inc.*, 140 F.R.D. 452, 453 (D.Colo. 1991)(Babcock, J.).  Once a case is removed to federal district court, the federal court "must apply the Federal Rules of Civil Procedure and treat the case as though it were originally commenced [in the federal forum]." *Bruley*, 140 F.R.D. at 453.

Accordingly, plaintiff's efforts to enforce its default judgment against St. Catherine's in state district court pursuant to the Colorado Rules of Civil Procedure are invalid. I therefore grant St. Catherine's request for a protective order that it is not required to respond to the Interrogatories to Judgment Debtor, attached to the Motion as Ex. A. Plaintiff does not object to the court granting the requested protected order.

St. Catherine's also asks the court to order plaintiff to pay St. Catherine's its reasonable attorney's fees and costs incurred in filing the Motion for Protective Order, pursuant to Fed.R.Civ.P. 37(a)(4). Plaintiff objects to defendant's fee request because "counsel was of the impression, perhaps mistaken, that post-judgment proceedings on a judgment entered by the state court were appropriate in the state court." Plaintiff's Response to Motion for Protective Order [Doc. #42].

St. Catherine's represents that during its Rule 7.1A conference with plaintiff's counsel prior to filing its motion, St. Catherine's advised opposing counsel that the state court no longer had jurisdiction over this case, but counsel refused to withdraw the

Interrogatories, and stated that he would have to review the motion for protective order before he could determine if he would oppose it.

D.C.COLO.LCivR 7.1A requires parties to make good faith efforts to resolve the disputed matter before a motion is filed. In this case, I find that plaintiff's counsel did not make a good faith effort to resolve the issue before requiring St. Catherine's to file the motion. If counsel had agreed to research the jurisdictional issue at the time of the parties' conference, he would have discovered that St. Catherine's was correct, as he concedes in his response. Presumably, counsel would then have agreed to withdraw the state court Interrogatories, obviating the need for St. Catherine's to seek judicial relief. Accordingly, I find that St. Catherine's is entitled to recover its reasonable attorney's fees and costs incurred in filing the Motion for Protective Order. Accordingly, it is

**HEREBY ORDERED** that Defendant's Motion for Protective Order [Doc. #40; filed May 16, 2007] is **GRANTED** as follows:

Defendant St. Catherine's is not required to respond to the Interrogatories to Judgment Debtor, Saint Catherine Senior Living Center, LLC Pursuant to Rule 69, C.R.C.P.

St. Catherine's shall submit an affidavit of its reasonable attorney's fees and costs incurred in filing its Motion for Protective Order [Doc. 40] **on or before July 13, 2007**.

Plaintiff may file objections as to the reasonableness of fees and costs **on or before July 27, 2007**.

Dated June 25, 2007.

BY THE COURT:

s/ O. Edward Schlatter
O. EDWARD SCHLATTER
United States Magistrate Judge